IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Scotty M. Brown, <br><br> Petitioner, <br><br> v. <br><br> Charles Williams, Warden of the Perry Correctional Institution, <br><br> Respondent. | C/A No. 1:23-cv-00369 <br><br><br> **ORDER** |

Petitioner Scotty M. Brown ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On May 22, 2023, Charles Williams, Warden of the Perry Correctional Institution ("Respondent") filed a Motion for Summary Judgment along with a return to the Petition and memorandum of law in support. (ECF No. 16 & 17). On the same day, the Magistrate Judge advised Petitioner of the summary judgment procedure and the possible consequences if he failed to respond via an Order issued pursuant to *Roseboro v. Garrison*, 538 F.2d 309, 310 (4th Cir. 1975). (ECF No. 18). Petitioner filed a response on June 23, 2023, and Respondent chose not to file a reply. (ECF No. 20).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") which opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice. (ECF No. 21). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on July 17, 2023. *Id.* The Magistrate Judge required Petitioner to file objections by July 31, 2023. *Id.* After receiving an extension of time, Petitioner filed his objections to the Report on August 23, 2023. (ECF No. 27). Thus, this matter is ripe for review.

I.     **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

*v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The standard for a motion summary judgment is well known and stated within the Report which incorporated herein.

3

## II. DISCUSSION

Although this Court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to properly address Petitioner's objections. In May of 2014, Petitioner was indicted by a Spartanburg County Grand Jury on two counts of distribution of heroin second offense (2014-GS-42-1804 and 2014-GS-42-1805). Then, in September of 2014, Petitioner was indicted for trafficking in heroin and possession of cocaine third offense (2014-GS-42-3942 and 2014-GS-42-4458).

On April 1, 2015, Petitioner pleaded guilty to the two counts of heroin distribution second offense and consequently, Petitioner was sentenced to ten years imprisonment on each count to run concurrently. Other than filing a Motion for Reconsideration which was denied, Respondent represents that Petitioner did not appeal this sentence. (ECF No. 16, pp. 24). Significantly, approximately two years after this sentence, the South Carolina Department of Corrections ("SCDC") informed Petitioner that due to having pleaded guilty at this second plea hearing, Petitioner was going to be required to serve 85% of his sentence without the possibility of parole under South Carolina statutory law.[2]

On August 25, 2015, Petitioner also pleaded guilty to the lesser included offense of heroin distribution third offense and consequently, Petitioner was sentenced to seventeen years to run concurrent with the above referenced sentences. (ECF No. 16, pp. 25-38). This

---

[2] *See* (ECF No. 16-1, p. 211) ("SCDC General Counsel's recent interpretation of S.C. Code § 44-53-375 in conjunction with Bolin v. South Carolina Department of Corrections is that inmates convicted of 3rd offense drug offenses are to be treated as 85% offenders unless all of the offender's prior drug offense are for simple possession under the same subsection (either § 44-53-0370 or § 44-53-375). If an offender has prior drug convictions for Manufacturing, Distribution, Possession with Intent to Distribute, or Conspiracy, he or she must be treated as an 85% offender on the 3rd or subsequent offense.").

4

Court incorporates the transcript of the plea colloquy as to this specific charge as stated in the Report and Respondent's brief. (ECF No. 8, pp. 3-4); *see also* (ECF No. 16, pp. 31-33).

Finally, on November 16, 2015, Petitioner pleaded guilty to possession of cocaine third offense and consequently, he was sentenced to ten years to also run concurrently with the above sentences.[3] The transcript of Petitioner's plea colloquy for his third guilty plea is incorporated herein as stated in the Report and Respondent's brief. (ECF No. 8, pp. 4-5); see also (ECF No. 16-1, pp. 40-60). However, this Court recognizes that the transcript as submitted by Respondent is incomplete.

On March 16, 2017, Petitioner filed an application for PCR relief. He asserted claims for ineffective assistance of counsel, involuntary guilty plea, and after discovered evidence. At the evidentiary hearing on June 22, 20218, Petitioner presented evidence that his plea counsel informed Petitioner he would remain parole eligible and that his charge and sentence from his second plead hearing would run concurrently with the charges and sentences of his first hearing. Plea counsel testified Petitioner was facing life without parole at his second plea hearing, and as such, plea counsel recommended Petitioner take the 17-year plea offer. Plea counsel testified they never made any promises to Petitioner regarding his future eligibility for parole. Ultimately, Petitioner's PCR application was denied with prejudice. *See* (ECF No. 16-1, pp. 222-23).

---

[3] On this date, Petitioner also pleaded guilty for possession of a pistol with obliterated or removed serial numbers. He was indicted for this charge in September of 2014. *See South Carolina v. Brown*, 2014-GS-42-3943. The state court sentenced Petitioner to five years of imprisonment to run concurrently to all other sentences. *Id.*

One month later, Petitioner filed a Rule 59(e), South Carolina Rules of Civil Procedure, motion to alter or amend the judgment. The state court held a hearing on this motion on March 20, 2019, and denied Petitioner's motion. *Id.* at 236-83. Subsequently, Petitioner filed a timely appeal raising a single issue:

> Although counsel did not advise petitioner of the date on which he would become parole eligible; nonetheless counsel erred in advising petitioner that his parole eligibility dates on all sentences received would match identically and fall due on the same date because this was incorrect advice regarding parole eligibility.

(ECF No. 16-1, p. 227 & 284). On October 25, 2022, the South Carolina Court of Appeals denied the petition and issued a remittitur which was filed with the Spartanburg Clerk of Court on November 4, 2022.[4] The instant Petition for writ of habeas corpus was received in the prison mail room on January 25, 2023. (ECF No. 1-13).[5]

Ultimately, the Report finds that the Petition is time barred by the applicable one-year statute of limitations period. 28 U.S.C. § 2244(d) specifically provides the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Under South Carolina law, "[t]he final disposition of a case occurs when remittitur is returned by the clerk of the appellate court and filed with the lower court." *Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994).

[5] Because Petitioner is incarcerated, he benefits from the "prison mailbox rule" which requires this Court to construe the date the Petition was submitted to the mailroom as the date it was filed with this Court. *See Houston v. Lack*, 487 U.S. 266 (1988).

6

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)—(D).

Here, Petitioner pleaded guilty on April 1, 2015, and filed a motion to reconsider on April 3, 2015. Then, Petitioner also pleaded guilty on August 25, 2015, and November 16, 2015. In South Carolina, a defendant must file a notice of appeal within ten days of conviction. *See* Rule 203(b)(2), South Carolina Appellate Court Rules. Because Petitioner chose not to file any appeals, Petitioner's convictions became final ten days after he pleaded guilty. Then, almost two years later and beyond the statute of limitations, Petitioner filed his PCR application on March 16, 2017. Finally, the instant Petition was not filed with this Court until January 25, 2023.

As the Report explains, Petitioner is grossly out of time to file the instant Petition[6] and Petitioner has also failed to demonstrate he is entitled to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding the statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases."). Even if the Petition were timely, the Magistrate Judge finds Petitioner's claims are without merit.

---

[6] "Petitioner is grossly out of time and is barred from presenting his claims to this Court by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. He pled guilty on three separate occasions, an filed the instant petition for habeas corpus 766 days, 635 days, and 553 days later respectively…" (ECF No. 16-1).

Under AEDPA, federal courts may not grant habeas relief unless the underlying state adjudications: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented at the State court proceeding. *See* 28 U.S.C. § 2254(d)(1) & (2).

In Petitioner's first ground for relief, Petition alleges his trial counsel was ineffective for failing to properly counsel him on his eligibility for parole. The Magistrate Judge finds this claim fails because Petitioner has failed to demonstrate the PCR Court's decision was based on an unreasonable determination of the facts or that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Similarly, the Magistrate Judge finds Petitioner's second and third grounds for relief are also without merit as Petitioner challenges the PCR Court's practice of asking one of the parties to draft the relevant PCR order and the South Carolina Court of Appeal's practice of issuing a "post-card" order.

Petitioner has filed extensive objections to the Report. (ECF No. 27).  Although Petitioner repeatedly states he is making a "specific objection" to the Report, Petitioner fails to address the Report's key finding which was that his § 2254 petition is time barred from consideration by this Court. In fact, nowhere in his objections does Petitioner appear to argue that he timely filed his § 2254 petition. Instead, Petitioner contends the "statute of limitations does not apply to this case" and further, the "statute of limitations is not a valid defense that the respondent is raising in their return…" (ECF No. 16 pp. 7 & 9).

8

Even construing Petitioner's arguments as proper objections, this Court finds they fail. The statute of limitations provided by § 2244(d)(1)A) does apply to the Petition which was filed pursuant to § 2254. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (explaining the one-year period of limitation provided in § 2244(d)(1) applies to petitions filed pursuant to § 2254). Petitioner argues he raised his claims of ineffective assistance of counsel and breach of plea agreement after newly discovered evidence which invoked the "discovery rule." (ECF No. 27, p. 9). This argument fails because the applicable one-year statute of limitations for a § 2254 petition begins to run when a petitioner's conviction becomes final. *See* § 2244(d)(1)(A) (providing that the one-year time limitation for filing a § 2254 motion commences on "the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Additionally, Petitioner argues Respondent improperly uses the statute of limitations as a defense to his claims. However, the Fourth Circuit Court of Appeals has stated, "[w]e conclude that the one-year limitation period contained in § 2244(d) is an affirmative defense that the state bears the burden of asserting." *Id.* at 705. Thus, Respondent properly raised the issue of the petition's timeliness in his motion for summary judgment because he bears the burden of doing so.

Although not necessarily an objection, Petitioner has also remarked that Respondent conceded he "timely pursued and exhausted his claims in grounds one through three" in the Petition. (ECF No. 16, p. 7). For support, Petitioner points to the Report which notes the same. See (ECF No. 21, p. 12) ("Respondents concede that Petitioner timely pursued

9

and exhausted his claims in Grounds One through Three."). This Court can easily understand Petitioner's confusion. While this Court agrees that Petitioner's claims have been properly exhausted because he sought review through a PCR application in state court, this Court does not agree that his claims have been timely pursued. Additionally, a review of Respondent's memorandum in support of his motion for summary judgment also reveals that he did not make this concession. See (ECF No. 16, p. 1). Respondent states, "Petitioner presents three grounds that are properly exhausted…[h]owever, Petitioner is grossly out of time and is barred from presenting his claims to this Court…" *Id.* While the purpose of this language in the Report is unclear, this Court specifically finds Respondent did not make such a concession, and Petitioner did not timely pursue the instant Petition.

Finally, under extraordinary circumstances, this Court has the ability to excuse Petitioner's untimely § 2254 filing. Petitioner fails to make any showing that he would be entitled to equitable tolling for the time elapsed between when his conviction in 2014 became final and the filing of the instant petition in 2023.

Thus, Petitioner's objections are overruled.[7]

### III.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

---

[7] Although Petitioner filed approximately 16 pages of objections, this Court only considered the objections which addressed the Report's key finding which was that his petition was time barred. Because the remaining objections dealt with irrelevant or tangential matters, this Court overrules those objections finding them to be non-specific and unavailing.

Magistrate Judge's Report and Recommendation in full. (ECF No. 21). Consequently, the petition is dismissed with prejudice. (ECF No. 1).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[8]

IT IS SO ORDERED.

October 11, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[8] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."