IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Scotty M. Brown,<br><br>       Petitioner,<br><br>vs.<br><br>Charles Williams, Warden of Perry Correctional Institution,<br><br>       Defendants. | C/A No. 1:23-CV-00369<br><br><br>**ORDER** |

This matter is before the Court on Scotty M. Brown's ("Petitioner") pro se Motion for Reconsideration (ECF No. 33). Having received no Response in Opposition, this matter is ripe for review.

On October 11, 2023, this Court issued an Order adopting the Report and Recommendation (ECF No. 21) in full and dismissing Petitioner's petition with prejudice. (ECF No. 30). This Court reached this conclusion because it found, as did the Magistrate Judge in the Report, that Petitioner's petition was time barred. Because Petitioner chose not to file any appeals, Petitioner's convictions became final ten days after he pleaded guilty. As this Court's previous Order explained, 28 U.S.C. § 2254(d) specifically provides a 1-year statute of limitation for habeas petitions following the date on which the conviction becomes final. The Petition is time barred because Petitioner filed the petition 766 days, 635 days, and 553 days after his conviction became final, respectively. Further, even if his Petition was not time barred, this Court also found that his claims were without merit. Accordingly, this Court dismissed the Petition.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.); *Doe v. Spartanburg Cty. Sch. Dist. Three,* 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)). Courts "have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993).

Rule 59(e) motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to relitigate issues already ruled upon. *Pac. Ins. Co.,* at 403 (4th Cir. 1998) (quoting Wright et al., supra, § 2810.1, at 127–28). Motions to reconsider are not "opportunities to rehash issues already ruled upon *because a litigant is displeased with the result." R*.E. *Goodson Constr. Co., Inc. v. Int'l Paper Co*., No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (citing *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

Petitioner's main qualm with this Court's Order is its finding regarding Petitioner's failure to show he was entitled to equitable tolling of the limitation period during which he had to file his habeas petition.

A federal habeas petitioner may be entitled to equitable tolling of the one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act

(AEDPA) "where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party **105** and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). To establish grounds for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (emphasis added and cleaned up).

Petitioner asserts he is entitled to equitable tolling because it would have been impossible for him to discover that his parole projection date was rescinded prior to February 2, 2017, when he was informed by SCDC. Following this discovery, Petitioner alleges he acted diligently by filing his application for PCR relief approximately one month later raising this issue as a ground for relief. Accordingly, Petitioner argues the one-year statute of limitation should be tolled such that his petition is considered timely. Unfortunately, Petitioner's argument amounts to a rehashing of the same argument he raised in his initial Petition which was addressed by the Magistrate Judge in the Report. In the Report, the Magistrate Judge considers Petitioner's "newly discovered evidence" regarding his parole eligibility, but ultimately, concludes this Court has consistently rejected arguments such as this one. *See*, *e.g.*, 28 U.S.C. § 2244(d)(1)(D) (utilizing the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence); *Spurgeon v. Warden, McCormick Corr. Inst.*, C/A No. 0:16-2766-RBH-PJG, 2017 WL 1232439, at *4 (D.S.C. Feb. 24, 2017) ("Courts have recognized in other, similar contexts that the failure to appreciate the collateral consequences of a guilty plea

3

conviction until after the expiration of the one-year statute of limitations does not delay the commencement of a limitations period.") (collecting cases), report and recommendation adopted, C/A No. 0:16-02766-RBH, 2017 WL 1214405 (D.S.C. Apr. 3, 2017); *see also McKnight v. Cohen*, C/A No. 2:07-0027-DCN-RSC, 2007 WL 2891784, at *9 (D.S.C. Sept. 28, 2007) (rejecting petitioner's argument that he was "entitled to equitable tolling of the AEDPA statute of limitations because his attorney misadvised him concerning his parole eligibility").

Petitioner's opportunity to explain the Report's error in reaching this conclusion was in his objections. Although Petitioner filed objections to the Report, this Court found they failed to demonstrate the Report incorrectly determined Petitioner was not entitled to equitable tolling due to a change in his parole eligibility. Now, Petitioner is before this Court on a Motion pursuant to Rule 59(e), and as such, Petitioner may not simply rehash previous arguments. Petitioner is required to show an intervening change in the law, account for new evidence not available at trial, or correct a clear error of law or prevent a manifest injustice. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993). Petitioner's motion fails on all fronts and does not provide this Court with a legally sound reason to reconsider its prior Order.

Additionally, Petitioner argues this Court failed to consider his "specific" objections to the Report which it was required to do. Petitioner asserts this Court only considered the Report's finding that the Petition was time barred and failed to address the merits of his claims. Although Petitioner filed objections to specific portions of the Report, Petitioner's objections failed to "direct the court to a specific error in the magistrate's proposed findings

4

and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). This Court can imagine that Petitioner's likely response would be that he did point to specific errors in the Report's conclusions, however, the errors must be of importance to the Report's overall conclusion. Here, the Report concluded Petitioner's Petition was time barred, and he was not entitled to equitable tolling. Even if entitled to equitable tolling, the Report still concluded that Petitioner's claims failed. Petitioner's objections failed to use Fourth Circuit precedent to demonstrate how these conclusions were in error. Instead, Petitioner lodged objections such as:

> "Specific objection is lodged against the Magistrate because of her misrepresentation of the facts in light of the evidence submitted by Petitioner. See page #4, footnote 4. The transcript for Petitioner's third guilty plea on November 16, 2015, as submitted by the Respondent, appears to be incomplete. The Petitioner submitted and presented this Honorable Court with a accurate and complete record for all three plea hearings…"

(ECF No. 27, p. 2). While this argument is to a specific portion of the Report, it does not move the needle in convincing this Court to reject the Report and find that Petitioner should be entitled to equitable tolling such that his Petition is considered timely, or that his claims have merit.

Therefore, Petitioner has failed to demonstrate the existence of any of the factors required for this Court to grant his Motion for Reconsideration and overrule its prior Order. Accordingly, Petitioner's Motion for Reconsideration (ECF No. 33) is denied.

**IT IS SO ORDERED.**

January 8, 2024                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge